IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Scott N. Johnson,                    )
                                     )   2:11-cv-01249-GEB-CKD
          Plaintiff,                 )
                                     )
     v.                              )   ORDER RE: SETTLEMENT AND
                                     )   DISPOSITION
The Hertz Corporation,               )
Individually and d/b/a Hertz         )
Local Edition; Ralph M. Wilson;      )
Christina Wilson; Qui Vinh Luu,      )
Individually and d/b/a Twin          )
Dragon Restaurant; Carrie            )
Margherita, Individually and         )
d/b/a Hair Productions; Richard      )
J. Tibbs, Individually and as        )
Trustee of the Richard J. Tibbs      )
and Jennifer Flowers Tibbs,          )
                                     )
          Defendants.                )
_____)
```

Plaintiff filed a "Notice of Settlement" on November 2, 2011, in which he states, "the parties have settled this action[, and d]ispositional documents will be filed within (30) calendar days." (ECF No. 23.)

Therefore, a dispositional document shall be filed no later than December 2, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to

1

file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on November 28, 2011, is continued to January 30, 2012, commencing at 9:00 a.m., in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the Status Conference.

IT IS SO ORDERED.

Dated:  November 3, 2011

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2