UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,                    )   2:11-cv-01249-GEB-CKD
                                     )
          Plaintiff,                 )   ORDER OF DISMISSAL
                                     )
     v.                              )
                                     )
THE HERTZ CORPORATION, et al.,       )
                                     )
          Defendants.                )
_____)

On January 27, 2012, the parties filed a stipulation dismissing Plaintiff's complaint with prejudice. The parties also state in their stipulation that the Court shall retain jurisdiction over the settlement agreement referenced in their stipulation, which the court has not seen.

The parties have not shown reason why the court should retain jurisdiction over the referenced settlement agreement, and the court is not obligated to retain jurisdiction over settlement terms it has not seen. "Moreover, the mere fact that the parties agree that the court [shall] exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996); see also Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002)

1  (observing that settlement of a federal lawsuit creates a state
2  contract) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,
3  378-82 (1994)) (additional citations omitted).
4        Since the parties have settled this action and have dismissed
5  this action with prejudice, this action shall be closed and the federal
6  court does not retain jurisdiction over the parties' referenced
7  settlement agreement. See Oswalt v. Scripto, Inc., 616 F.2d 191, 195
8  (5th Cir. 1980) (revealing that "even . . . [when] no formal dismissal
9  . . . [is] filed with the clerk," a dismissal order may enter to
10 effectuate the parties' evident intent).

Dated:  February 2, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge